UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RANDOLPH SCOTT,
                Plaintiff,

    vs.

TIMOTHY B. HOWARD,
COUNTY OF ERIE,
                Defendants.
_____

**DECISION
and
ORDER**

**15-CV-1000A(F)**

APPEARANCES:      RANDOLPH SCOTT, *Pro Se*
                             15-B-2127
                             Green Haven Correctional Facility
                             Box 4000
                             Stormville, New York 12582

                             MICHAEL A. SIRAGUSA
                             ERIE COUNTY ATTORNEY
                             Attorney for the Defendants
                             ERIN E. MOLISANI,
                             Assistant County Attorney, of Counsel
                             95 Franklin Street, 16th Floor
                             Buffalo, New York  14202

      In this § 1983 prisoner civil rights action, alleging violations of Plaintiff's First, Fifth, Eighth and Fourteenth Amendment rights to Islamic religious services, consultation with an Iman, and denial of general library access while Plaintiff was in keep-lock as a pretrial detainee in Defendants' custody, Plaintiff, by papers filed June 11, 2018, moves pursuant to Fed.R.Civ.P. 30(d)(3) for an order to preclude Defendants from attempting to examine Plaintiff with respect to Plaintiff's record of criminal convictions at Plaintiffs' oral deposition ("Plaintiff's motion") (Dkt. 94). Specifically, Plaintiffs' motion asserts that Plaintiff's motion is in response to Defendants' May 24,

2018 letter to Plaintiff ("Defendants' May 24, 2018 Letter"), filed by Plaintiff as Dkt. 97, in which Defendants sought to memorialize Plaintiff's failure to appear at Plaintiff's oral deposition to be conducted by video-conference hook-up, which had originally been scheduled for May 24, 2018.  A Scheduling Order (Dkt. 96) required Defendants' response to Plaintiff's motion by June 29, 2018 and Plaintiff's reply by July 13, 2018.  Plaintiff's scheduled deposition was cancelled as a result of Plaintiff's failure to appear apparently because Plaintiff required medical treatment outside the facility at that time.  *See* Dkt. 97 at 3.  In Defendants' May 24, 2018 Letter, Defendants explained to Plaintiff that as a convicted person, Plaintiff no longer enjoyed any self-incrimination privilege with respect to his conviction and warned Plaintiff that refusal to answer such questions at a rescheduled deposition of Plaintiff could result in sanctions, Dkt. 97 at 4, 5.  By papers filed June 22, 2018 (Dkt. 97), Plaintiff requested the court sign an order directing such preclusion.  Specifically, Plaintiff asserts any deposition questions by Defendants regarding Plaintiff's history of criminal convictions seek information irrelevant to Plaintiff's claims and would "prejudice and incriminate" Plaintiff during the deposition and at trial.  Dkt. 94 at 1.

By papers filed June 26, 2018 (Dkt. 101), Defendants opposed Plaintiff's motion while confirming Defendants' intention to question Plaintiff about Plaintiff's current criminal conviction only but contending Plaintiff's motion was without merit as evidence of Plaintiff's criminal conviction is relevant evidence admissible to attack Plaintiff's credibility at trial and a consideration of Plaintiff's damages, Dkt. 101-1 at 4.  Defendants further argue that Plaintiff's motion, filed before the actual conduct of Plaintiff's deposition, was premature in that Fed.R.Civ.P. 30(d)(2) requires objection to

any deposition questions or refusals to answer be placed on the record at the deposition as a predicate to a motion pursuant to Fed.R.Civ.P. 30(d)(3) which allows a deposed party to request the court terminate or limit deposition where an examining party conducts deposition "in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party" ("Rule 30(d)(3)"). *Id.* at 3. Under Rule 30(d)(3) the court may terminate the deposition or limit the questioning of the deponent as provided in Fed.R.Civ.P. 26(c)(1)(D) ("Rule 26(c)(1)(D)") (court may upon good cause issue protective orders for the purpose of limiting discovery including forbidding deposition questions). Defendants also contend Plaintiff is not entitled to a protective order pursuant to Rule 26(c)(1)(D) as Plaintiff has failed to demonstrate good cause as required by Rule 26(c) in that Plaintiff does not show why questions directed to his criminal conviction will cause Plaintiff undue annoyance, embarrassment, are oppressive, or will cause Plaintiff undue burden or expense. Dkt. 101-1 at 5.

On July 5, 2018, Plaintiff filed Plaintiff's Reply asserting Defendants' attorney seeks to prejudice Plaintiff by creating judicial bias based on Plaintiff's status as an African-America Muslim and realleging in general terms Plaintiff's § 1983 claims. Dkt. 103 at 1-2. Plaintiff also filed at that time a document contending Defendants' attorney was guilty of deceitful conduct and "collusion" thus entitling Plaintiff under New York law to treble damages, Dkt. 104 at 1, and again reiterating the basis for Plaintiff's claims. Dkt. 104 at 2. On July 16, 2016, Plaintiff filed Plaintiff's Additional Fact(s) in further support of Plaintiff's motion (Dkt. 105) asserting Defendants, by referencing Plaintiff's "criminal history," were attempting to interfere ("rob") Plaintiff of his civil rights specifically accusing Defendants' attorney of attempting to "bamboozie [*sic*] and

hoodwink" Plaintiff by submitting Defendants' arguments in opposition to Plaintiff's motion, Dkt. 105 at 1, and also asserting that failure by the court to grant Plaintiff's motion would constitute a "miscarriage of justice." Dkt. 105 at 3.

On July 30, 2018, Plaintiff filed Plaintiff's Affidavit In Support of Video Deposition Held July 24, 2018 (Dkt. 106) ("Plaintiff's July 30, 2018 Affidavit"), in which Plaintiff advised that Defendants conducted Plaintiff's video deposition on July 24, 2018, while Plaintiffs was residing at Green Haven Correctional Facility at Stormville, New York, also asserting Defendants "'showed tained [sic] integrity and 'judicial bias' in concert between the defendant(s) and Court by failure of the Court to rule on/grant" Plaintiff's motion and that, as result of such failure, "the Court directly prejudice [sic] plaintiff '"deliberately'." Dkt. 106 at ¶ 2. Plaintiff further asserts Defendants' questions to Plaintiff at the deposition regarding Plaintiff's criminal record were irrelevant and were intended to justify Defendants' violations of Plaintiff's constitutional rights and violation of state law as Plaintiff has alleged. Dkt. 106 at 1-2. Plaintiff also informed Defendants and the court that Plaintiff was prepared to "discuss settlement" of the matter. Dkt. 106 ¶ 8. On July 30, 2018, Plaintiff also filed Plaintiff's Additional Affidavit In Claim [sic] and In Support of Video Deposition Held July 24, 2018 by Defendant(s), Dkt. 107 ("Plaintiff's Further Affidavit"). In Plaintiff's Further Affidavit, Plaintiff confirmed Plaintiff's deposition was conducted July 24, 2018, Dkt. 107 ¶ 2 and that (1) Plaintiff made several objections based on relevancy to Defendants' questions, *id.* ¶ 3, (2) Defendants' attorney refused to explain why such questions were relevant, *id.* ¶ 4, (3) Defendants' attorney had directed the court stenographer to record Plaintiff's lack of response to such questions, *id.* ¶ 5, and (4) because the court "refused to give a reply to either party regarding"

Plaintiff's requested order before the deposition, "the court and defendant(s) in concert [*sic*] prejudiced the plaintiff." *Id.* ¶ 6. Plaintiff therefore requested the court grant Plaintiff a judgment based on Plaintiff's "prima facie case." *Id.*

At the outset, the court notes that inasmuch as Plaintiff's deposition, to which Plaintiff's motion was directed, was taken on July 24, 2018, Plaintiff's motion is moot and should be dismissed as such. However, given the vigor of Plaintiff's repeated assertions of wrongful conduct by Defendants and prejudice against Plaintiff by the court, by not addressing Plaintiff's motion prior to the Julye 24, 2018 deposition, and in light of Plaintiff's *pro se* status, the court will nevertheless address Plaintiff's contentions in the interest of guidance to the parties should Plaintiffs choose to pursue the issue or a similar issue arise in the case.

First, as Defendants contend, Plaintiff's motion, brought under Rule 30(c)(2)[1] was premature as Rule 30(c)(2) contemplates that objections to deposition questioning be first placed on the record to provide the basis for a motion pursuant to the rule to limit or foreclose the disputed questioning. *Scott-Iverson v. Independent Health Association, Inc.,* 2016 WL 1458239, at *3 (W.D.N.Y. Apr. 14, 2016) (all objections to evidence and conduct issues are to be placed on record at the deposition in response to the deposing party's questions until excused by the deposing party or termination of the deposition by the court (citing cases). Second, given the broad scope of discovery available under Fed.R.Civ.P. 26(b)(1), *Moresco v. Evans Chemetics, Div. of W.R. Grace & Co.,* 964

---

[1] Although Plaintiff's motion cites Fed.R.Civ.P. 30(d)(3) as the source of relief he seeks, a plain reading of the motion papers establishes the relief Plaintiff seeks is available under Rule 30(c)(2) and, in light of Plaintiff's *pro se* status, the court construes it as such.

F.2d 106, 114 (2d Cir. 1992) ("[T]he scope of discovery under Fed.R.Civ.P. 26(b) is very broad . . ..") (citations omitted), the range of subject matter deemed relevant to a party's defense, as applicable to Defendants, is equally broad. Fed.R.Civ.P. 26(b)(1) authorizes any party to discovery of information not privileged which is relevant to a claim or defense provided the discovery request if proportional to the needs of the case based on several enumerated factors. *Klipsch Group, Inc. v. ePRO E-Commerce Limited*, 880 F.3d 620, 636 (2d Cir. 2018) (citing Fed.R.Civ.P. 26(b)(1)). Particularly, as to the central objection asserted by Plaintiff, under Fed.R.Evid. 609(a)(1)((B) and (b)(1) ("Rule 609 ___"), a felony conviction rendered not more than 10 years old at the time of trial "must be admitted into evidence" if the court determines pursuant to Fed.R.Evid 403, that "the probative value," supported by specific facts and circumstances, of the fact of the conviction "substantially outweighs its prejudicial effect." According to Rule 609(a) such a conviction is admissible evidence for the purpose of "attacking a witness's character for truthfulness." Here, the court takes judicial notice, Fed.R.Evid. 201(b)(2), that Plaintiff was incarcerated based on his conviction on July 13, 2015 in Erie County Court of Robbery 2d Degree and sentenced to a five-year term of imprisonment. Thus, since under Fed.R.Evid. 402 only relevant evidence is admissible, there is little doubt that questioning Plaintiff with regard to the fact of his present felony conviction or, for that matter, any other felony conviction within the scope of Rule 609(b) seeks relevant information which may be used against Plaintiff on the issue of Plaintiff's credibility should Plaintiff testify at trial. *Kelley v. City of Hamden*, 2016 WL 5348568, at *5 (D.Conn. Sept. 23, 2016) (quoting *Johnson v. Schmidt*, 1992 WL 135237, at *2 (E.D.N.Y. May 28, 1992) (Rule 609 "permits evidence of prior convictions for the

purpose of impeaching credibility at trial. The plaintiff's past convictions are therefore relevant to the issue of credibility and are subject to discovery.")) Additionally, Plaintiff does not represent that Plaintiff has received a pardon on his conviction that would bar admissibility under Fed.R.Evid. 609(c). Thus, Plaintiff's contention that Defendants' conduct in questioning Plaintiff in this regard seeks irrelevant information or is abusive, warranting limitation by the court pursuant to Rule 26(c), is without merit.

Moreover, it is well-settled that once a conviction has become final and no longer subject to appellate review, the convicted party may not interpose, in response to a deposition question or one at trial, an objection based on the Fifth Amendment privilege against self-incrimination. *See Pillsbury Co. v. Conboy*, 459 U.S. 248, 273 (1983) (Blackmun, J. concurring) (quoting *Brown v. Walker*, 161 U.S. 591, 597 (1986)) ("It is, of course, black-letter law that a witness cannot assert a Fifth Amendment privilege not to testify 'if the testimony sought cannot possibly be used as a basis for, or in aid of, criminal prosecution against the witness.' "); *see also Andover Data Serv. v. Statistical Tabulating Corp.*, 876 F.2d 1080, 1082 (2d Cir. 1989) ("The prohibition against compelling the testimony of a witness in any setting is predicated upon there being a real danger that the testimony might be used against the witness in later criminal proceedings."). Here, although Defendants do not provide any references or other documentation confirming Plaintiff's conviction, it may be fairly assumed that Plaintiff's

present status as an incarcerated felon confirms Plaintiff's conviction in 2015 has become final.[2]

Finally, Plaintiff's assertion that the court's failure to rule on Plaintiff's motion prior to Plaintiff's rescheduled July 24, 2018 deposition places the court in some form of concerted action with Defendants prejudicial to Plaintiff' is opposed by two facts. First, a careful scrutiny of the record reveals that in neither Plaintiff's motion papers, in Defendants' opposition thereto, nor in Plaintiff's reply was the date of the rescheduled deposition stated. The only mention of this date was provided in Plaintiff's July 30, 2018 Affidavit filed July 30, 2018 (Dkt. 106) and Plaintiff's Further Affidavit also filed July 30, 2018 (Dkt. 107) both <u>after</u> the deposition was conducted. Indeed, no mention of this date was included in Defendants' May 24, 2018 Letter to Plaintiff. *See* Defendants' May 24, 2018 Letter filed at Dkt. 97 (*passim*). Thus, the court was unaware of any need to address Plaintiff's motion prior to Plaintiff's rescheduled deposition. Second, Plaintiff could have requested that the rescheduled deposition, the date of which Plaintiff surely must have been appraised of well-before July 24, 2018, be stayed pending the court's determination of Plaintiff's motion; however, the record fails to indicate Plaintiff did so. Accordingly, Plaintiffs' bald assertion that the absence of an earlier judicial ruling on Plaintiff's motion prior to the rescheduled deposition on July 24, 2018 somehow bespeaks the court's improper collusion with Defendants to Plaintiff's disadvantage is baseless.

---

[2] As the court's research failed to reveal any published Appellate Division or New York Court of Appeals decision with regard to Plaintiff's conviction, the court presumes Plaintiff's conviction was based on a guilty plea which included a waiver of Plaintiff's right to appeal.

## CONCLUSION

Based on the foregoing, Plaintiff's motions (Dkt. 94 and 97) are DISMISSED as moot.

SO ORDERED.

                                          /s/ *Leslie G. Foschio*
                                          _____
                                              LESLIE G. FOSCHIO
                                     UNITED STATES MAGISTRATE JUDGE

Dated: August 8, 2018
         Buffalo, New York

ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH THE CLERK OF COURT **NOT LATER THAN 14 DAYS** AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(a).