UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RANDOLPH SCOTT,

                Plaintiff,

    vs.

TIMOTHY B. HOWARD,
COUNTY OF ERIE,

                Defendants.

_____

**DECISION
and
ORDER**

**15-CV-1000A(F)**

APPEARANCES:        RANDOLPH SCOTT, *Pro Se*
                            15-B-2127
                            Green Haven Correctional Facility
                            Box 4000
                            Stormville, New York 12582

                            MICHAEL A. SIRAGUSA
                            ERIE COUNTY ATTORNEY
                            Attorney for the Defendants
                            ERIN E. MOLISANI,
                            Assistant County Attorney, of Counsel
                            95 Franklin Street, 16th Floor
                            Buffalo, New York  14202

In this § 1983 action, Plaintiff alleges violations of Plaintiff's First, Fifth, Eighth and Fourteenth Amendment rights to participation in Islamic religious services, consultation with an Iman, and general library access over a period of 97 days while Plaintiff was a disciplinary keeplock pretrial detainee in Defendants' custody at the Erie County Holding Center and Erie County Correctional Facility.  Presently before the court are Defendants' motion seeking dismissal of this action, filed September 9, 2018 (Dkt. 114), pursuant to Fed.R.Civ.P. 37(b)(2),[1] 41(b) and 16(f)(1)(C) ("Rule 16(b)") as a

---

[1]  Fed.R.Civ.P. 37(b)(2) ("Rule 37(b)(2)") pertains to enforcement of a court order to provide discovery including refusal to answer deposition questions after an order to do so granted pursuant to Fed.R.Civ.P.

sanction for Plaintiff's failure to respond to 94 of Defendants' questions during Plaintiff's oral deposition conducted by video conference at Green Haven Correctional Facility, where Plaintiff was housed on July 24, 2018, together with Defendants' Memorandum of Law in support (Dkt. 114-2) ("Defendants' Memorandum") (together "Defendants' motion").  Plaintiff's opposition was filed October 1, 2018 (Dkt. 120); Defendants' Reply was filed October 3, 2018 (Dkt. 122) ("Defendants' Reply").

Also before the court is Defendants' motion to amend the Second Amended Scheduling Order filed December 20, 2018 (Dkt. 125), to enlarge the period for filing dispositive motions to May 31, 2019 from January 31, 2019, to accommodate the possible need to redepose Plaintiff as an alternative to granting Defendants' motion to dismiss as a discovery sanction ("Defendants' motion to amend").  Plaintiff's opposition to Defendants' motion to amend was filed January 7, 2019 (Dkt. 127) ("Plaintiff's Opposition to Defendants' Motion to Amend").  Defendants' reply was filed January 10, 2019 (Dkt. 128) ("Defendants' Reply").  Oral argument on Defendants' motions was deemed unnecessary.

It is well-settled that a deponent is required to answer questions at his oral deposition unless an objection is interposed based on privilege, to enforce a court ordered limitation, or to enable the witness to seek relief from questioning which creates unreasonable annoyance, embarrassment, or is found oppressive pursuant to

---

37(a)(3)(B)(i) ("Rule 37(a)(3)(B)(i)").  *See* Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK (2019) Thomson Reuters at 940 (citing *Independent Productions Corp. v. Loew's Inc.*, 283 F.2d 730, 732-33 (2d Cir. 1960)); Fed.R.Civ.P. 37(a)(3)(B)(i) provides for an order directing answers to deposition questions.  Accordingly, Defendants' motion seeking sanctions pursuant to Rule 37(b)(2) will be considered as one seeking an order directing Plaintiff answer Defendants' deposition questions pursuant to Rule 37(a)(3)(B)(i).

Fed.R.Civ.P. 30(d)(3). *See* Fed.R.Civ.P. 30(c)(2) ("Rule 30(c)(2)"); *Scott v. Howard*, 2018 WL 3756766, at \*\*1-2 (W.D.N.Y. Aug. 8, 2018) (motion to limit a deposition is premature prior to placing objection on record at the deposition). Otherwise, a party's refusal to answer questions at his deposition may result in sanctions including an award of the reasonable expenses and attorneys' fees incurred by the party conducting the deposition against a person, including the witness, who "impedes, delays or frustrates the fair examination of the deponent." Fed.R.Civ.P. 30(d)(2) ("Rule 30(d)(2)"); *see also* Fed.R.Civ.P. 37(a)(3)(B)(i) (authorizing sanctions for a witness's refusal to answer deposition questions). Significantly in this case, Plaintiff does not deny Plaintiff refused to answer fully 94 of Defendants' questions, as Defendants stated, based on privilege or Defendants' misconduct in questioning Plaintiff which could provide grounds for Plaintiff's admitted failure to respond fully to Defendants' questioning. Moreover, the court's review of the questions at issue, based on the copy of the uncertified transcript of Plaintiff's deposition,[2] *see* Dkt. 114-5 at 5-10, indicates that with few exceptions such as matters of pedigree, *i.e.*, background, questions, all of Defendants' questions unanswered by Plaintiff bear on either Plaintiff's credibility or the substance of Plaintiff's claims in this action particularly Plaintiff's First Amendment-based religious exercise interference claim. Turning to the question of the proper sanction, the court finds that the sanction, as Defendants prematurely request, of dismissal as the first sanction for Plaintiffs' refusals to answer to be too harsh, even if Defendants' motion was considered as one properly brought pursuant to Rule 37(b)(2). *See Scott-Iverson v. Independent*

---

[2] According to Defendants, Plaintiff has, as of the date of Defendants' motion to dismiss, failed to review and return the deposition transcript in accordance with Fed.R.Civ.P. 30(e). Dkt. 114-1 ¶ 11 n. 1.

*Health Associations, Inc.*, 2016 WL 1458239, at \*\*2-4 (W.D.N.Y. Apr. 14, 2016) (awarding as sanctions for failure to participate in deposition costs of deposition and motion to compel).  *See, supra,* at 1, n. 1.  Properly considered as a motion brought pursuant to Rule 30(d)(2) and Rule 37(a)(3)(B)(i), the court therefore grants Defendants' motion and directs Plaintiff to answer fully all of the 94 questions Plaintiff has admitted he refused to answer at his July 24, 2018 deposition at a further deposition conducted by Defendants within 60 days.  The court in its discretion also imposes as a sanction, pursuant to Rule 30(d)(2), that Plaintiff reimburse Defendants a portion of the court reporter fee of $685.55 (*see* Dkt. 114-1 ¶ 15 referencing Exh. D Dkt. 114-8) which was wasted by virtue of Plaintiff's unwarranted refusal to answer Defendants' deposition questions, in the amount of $300 to be charged against Plaintiff's prisoner account and paid to Defendants, to provide a reasonable deterrent against possible future violations by Plaintiff of Plaintiff's obligation to cooperate reasonably in the conduct of Plaintiff's further deposition as ordered herein and comply fully with Plaintiff's obligation to comply with Rule 30(c)(2) by answering all of the 94 unanswered questions which are propounded to Plaintiff by Defendants at Plaintiff's further deposition.  *See Woodward v. Holtzman*, 2018 WL 5113643, at \*4 n. 5 (W.D.N.Y. Oct. 18, 2018) (granting monetary sanction of $500 against prisoner plaintiff in civil rights action for failure to provide discovery) (citing *Abreu v. Kooi*, 2017 WL 4621283, at \*\*7-8 (N.D.N.Y. Sept. 12, 2017) (in prisoner § 1983 and ADA action awarding sanction of $146.71 against *pro se* plaintiff for failure to appear for plaintiff's in-prison deposition as reimbursement to defendant's attorney for incurring unnecessary expense of court reporter's fee)).  The court recognizes that § 1983 *pro se* prisoner litigants like Plaintiff are usually without financial

capacity sufficient to justify imposing attorneys fees as a sanction, however, failure to impose any sanction effectively "immunizes" such plaintiffs from any monetary sanction available under Rule 30(d)(2). *Id.* Plaintiff is also advised that any further violations with respect to Plaintiff's obligation to provide discovery in this case, including fully answering Defendants' deposition questions, <u>may result in a more severe sanction including dismissal of Plaintiff's complaint</u>.

Turning to Defendants' motion to amend, the court finds Defendants' request to be based on good cause as required by Rule 16(b), *i.e.*, that given Defendants are entitled, as discussed, *supra*, in connection with Defendants' motion to dismiss, to additional time to conduct a further deposition of Plaintiff at which Plaintiff will be required to provide answers to Defendants' questions which Plaintiff failed to answer, and Defendants will also require a reasonable amount of time upon completion of Plaintiff's oral deposition to formulate and file Defendants' anticipated motion for summary judgment directed to the merits of Plaintiff's claims. *See* Dkt. 125 ¶¶ 6-7 (additional time required to file Defendants' summary judgment motion). The court also finds Plaintiff's opposition that his potential release from custody may complicate Plaintiff's further deposition and his ability to comply with Defendants' discovery demands to be speculative and, in any event, such difficulties are unlikely as the court has directed Defendants to conduct Plaintiff's deposition well-before Plaintiff's potential early release date in May or July 2019, as Plaintiff asserts. *See* Dkt. 127 ¶ 3.

## CONCLUSION

Based on the foregoing, Defendants' motion (Dkt. 114) is DENIED; treating Defendants' motion as a motion to compel deposition answers pursuant to Rule 37(a)(3)(B)(i), Defendants motion is GRANTED; Defendants' motion to amend (Dkt. 125) is GRANTED. A Third Amended Scheduling Order will be filed contemporaneously with this Decision and Order.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: January 24, 2019
      Buffalo, New York

**Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court not later than 14 days after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).**